IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIANA FATIREGUN,  :  | |
|     Plaintiff,  : | |
| : | CIVIL ACTION NO.  09-601 |
| v.  : | |
| : | |
| CITY OF PHILADELPHIA,  : | |
|     Defendant.  : | |

MEMORANDUM OPINION

**Tucker, J.**                                                                                        October ___, 2009

      Presently before the Court are (1) Defendant's Motion for Reconsideration of the Court's Order Denying, in Part, Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the Alternative to Certify an Interlocutory Appeal (Doc. 7) ("Defendant's Motion for Reconsideration"); (2) Plaintiff's Motion for an Enlargement of Time to Answer Defendant's Motion for Reconsideration of the Court's Order Denying, in Part, Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the Alternative to Certify an Interlocutory Appeal (Doc. 8) ("Plaintiff's Motion for an Enlargement of Time"); and (3) Plaintiff's Answer to Defendant's Motion for Reconsideration of the Court's Order Denying, in Part, Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the Alternative to Certify an Interlocutory Appeal (Doc. 9) ("Plaintiff's Response").  For the reasons set forth below, the Court will grant Plaintiff's Motion for an Enlargement of Time.  Further, the Court will grant in part and deny in part Defendant's Motion for Reconsideration.

**BACKGROUND**

      Plaintiff Christiana Fatiregun ("Plaintiff") was born in Nigeria.  She began working for Defendant City of Philadelphia ("City") in 1998 in the position of Pharmacist I, and is currently

employed by the City in that capacity.  On May 12, 2008, Plaintiff filed her first action against the City, Fatiregun v. City of Philadelphia, 2:08-cv-02195 ("Fatiregun I").  In that action, Plaintiff alleged, in pertinent part, that (1) the City discriminated against Plaintiff by denying her the same rights as other white employees in violation of 42 U.S.C. § 1981 ("section 1981"); and (2) the City discriminated against Plaintiff on account of her race, color, and/or national origin in violation of section 9-1104(A) of the Philadelphia Code ("section 9-1104(A)").  In response to Plaintiff's allegations, the City filed a Motion to Dismiss on August 19, 2008 contending that (1) section 1981 does not provide Plaintiff with an independent cause of action against a state actor and (2) punitive damages are not recoverable against the City.  Plaintiff did not respond to Defendant's Motion to Dismiss.  Consequently, on October 9, 2008, the Court granted Defendant's Motion to Dismiss as unopposed, dismissing Fatiregun I with prejudice.  Plaintiff's subsequent Motion to Vacate the Court's Order was denied because the Court deemed inexcusable the "inadvertence" of Plaintiff's counsel in failing to timely respond to Defendant's Motion to Dismiss.

Then, on February 11, 2009, Plaintiff filed the instant Complaint (Doc. 1) against Defendant ("Fatiregun II") based on facts which were at issue in Fatiregun I, namely, Defendant's alleged practice of discrimination and harassment against Plaintiff, and the hostile work environment arising from such practice.  Specifically, Plaintiff alleged, in pertinent part, that (1) the City discriminated against Plaintiff on account of her race, color, and/or national origin in violation of 42 U.S.C. § 1983 ("section 1983") (Pl.'s Compl. ¶ 19); (2) the City discriminated against Plaintiff because of her race, color, and/or national origin, and retaliated against her with respect to the terms and conditions of her employment in violation of 42 U.S.C. § 2000e, et seq. ("Title VII") (Pl.'s Compl. ¶ 23); and (3) the City discriminated against Plaintiff

because of her race, color, and/or national origin in violation of section 9-1104(A) (Pl.'s Compl. ¶ 27).   The City responded to Plaintiff's allegations with a Motion to Dismiss (Doc. 3), arguing that (1) the claims raised by Plaintiff in Fatiregun II are barred by the doctrine of res judicata and (2) punitive damages are not recoverable against the City.  (Def.'s Mem. Supp. Mot. to Dismiss 1-2.)

In the Court's May 30, 2009 Order (Doc. 6), the subject of Defendant's Motion for Reconsideration, the Court granted in part and denied in part the City's Motion to Dismiss, concluding that Plaintiff's claims are not barred by res judicata.  Specifically, the Court noted that Plaintiff's Title VII claims were not asserted in Fatiregun I and, further, that Plaintiff's Title VII retaliation claim, in particular, was based on facts which occurred after the filing of Fatiregun I.  The Court also concluded that Plaintiff's section 1983 claim for conduct in violation of section 1981, and state law claim under the Philadelphia Fair Practices Ordinance are not barred by res judicata because the Court's dismissal of Fatiregun I was based on the unavailability of a private right of action against Defendant under section 1981.  Consequently, the Court concluded that its dismissal of Fatiregun I was not an adjudication on the merits but instead a "technical ruling" and, therefore, had no preclusive effect.  The Court did, however, dismiss Plaintiff's punitive damages claims because punitive damages are not available against a municipality or against a local official acting in his official capacity. See, e.g., City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).  Therefore, the following claims still remain after the Court's consideration of Defendant's Motion to Dismiss and Plaintiff's response thereto: (1) Plaintiff's state law claim; (2) Plaintiff's section 1983 claim for conduct in violation of section 1981; (3)

Plaintiff's Title VII claims; and (4) Plaintiff's purported claim under section 1981a.[1]

## STANDARD OF REVIEW

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). To prevail, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Motions for reconsideration should be granted sparingly "because courts have a strong interest in the finality of judgments." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)). Nevertheless, since the City seeks to direct the Court's attention to a manifest error of law, reconsideration of the Court's prior ruling is appropriate and the merits of the City's argument must be addressed.

## DISCUSSION

The City moved the Court to reconsider its conclusion that its prior dismissal with prejudice of Fatiregun I was not an adjudication on the merits, and consequently, that Plaintiff's claims are not barred by res judicata. (Def.'s Mot. for Recons. 3-4.) The City also contends that

---

[1] Although Plaintiff does not advance a separate claim for relief under section 1981a, she states in the "Jurisdiction and Venue" section of her Complaint that the action is being brought under 42 U.S.C. § 1981a...." The Court's May 30, 2009 Order concluded that Plaintiff's section 1981a claim is not dismissed, and the parties argue the validity of this conclusion. Therefore, for the purpose of this Memorandum Opinion, the Court will treat Plaintiff's purported section 1981a claim as one of the remaining claims.

the Court should have dismissed Plaintiff's section 1981a claim because section 1981a is the damages provision relating to claims under section 1981, and not an independent right of action. (Def.'s Mot. for Recons. 4.)  The Court will proceed by addressing the threshold question of whether its dismissal in Fatiregun I constituted an adjudication on the merits for res judicata purposes.

Res judicata operates as a "bar to relitigation of an adjudicated claim between parties and those in privity with them."  Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 392 (3d Cir. 2002) (citing CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999)).  The application of res judicata requires the confluence of three elements:  (1) a final judgment on the merits; (2) the same parties or their privies in both suits; and (3) the same cause of action in both suits.  See, e.g., Saudi v. Acomarit Mars. Servs., S.A., 114 F. App'x 449, 454 (3d Cir. 2004) (citing Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991)).

Plaintiff's contention that the dismissal of Fatiregun I with prejudice cannot constitute an adjudication on the merits is directly refuted by the Third Circuit's finding that "a dismissal with prejudice constitutes adjudication on the merits as fully and completely as if the order had been entered after trial."  See, e.g., Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972) (citing Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 327 (1955)).  Pennsylvania courts have construed the phrase "on the merits" expansively, and prohibited relitigation even in the absence of a judicial decision finally adjudicating the merits of the case.  See Kuhnle v. Prudential Sec., Inc., 439 F.3d 187, 190 (3d Cir. 2006) (citing McCarter v. Mitcham, 883 F.2d 196, 201 (3d Cir. 1989)) (holding that dismissal with prejudice was on the merits because dismissal was a sanction for untoward delay).  See generally 18 James Wm. Moore et al., Moore's Federal Practice §

131.30 (2009) (noting that the term "on the merits" is misleading because "many dispositions short of trial are considered 'on the merits' for claim preclusion purposes even though the validity of some or all of the theories of liability, claims for relief, and defenses of the parties may remain undetermined."). Accordingly, the Court need not have reached the merits of the Plaintiff's claims in Fatiregun I in order for its ruling to be deemed "on the merits," and even a "technical ruling" can be accorded res judicata effect.

**I.      State Law Claim**

Since Plaintiff's state law claim was dismissed with prejudice in Fatiregun I, and such a dismissal constitutes an adjudication on the merits, Plaintiff is barred from relitigating this claim in the present suit.

**II.     Section 1983 Claim for Violation of Section 1981**

Res judicata bars claims that were asserted in a prior suit, as well as claims arising out of the same cause of action that could have been asserted but were not. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (citations omitted) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); Allen v. McCurry, 449 U.S. 90, 94 (1980). Since the Third Circuit has not clearly defined "cause of action," courts are predisposed toward a broad view of what constitutes identity of causes of action. United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984). That broad view focuses on the central objective of res judicata to require plaintiffs "to present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." Id.

The determination of whether two suits involve the same cause of action turns on whether there is an "essential similarity of the underlying events" giving rise to the claims. See, e.g., Bd.

of Trs. of Trucking Employees of North Jersey Welfare Fund, Inc. v. Centra, 983 F.2d 495, 504 (3d Cir. 1992); Athlone, 746 F.2d at 984.  The Athlone court articulated several factors that indicate "an essential similarity of the underlying events," including: (1) whether the acts complained of and the demand for relief are the same; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the material facts alleged are the same.  Athlone, 746 F.2d at 984 (internal citations omitted).

      The underlying events giving rise to Plaintiff's section 1981 claim in Fatiregun I are essentially similar to those events giving rise to Plaintiff's section 1983 claim in Fatiregun II.  Both claims for relief are based on the same alleged wrongdoing, namely, Defendant's discrimination against Plaintiff with respect to the terms and conditions of her employment.  Moreover, both claims are based on the same underlying factual events alleged in Fatiregun I, including the routine denial of a promotion; unjustified discipline; a scheme to implicate Plaintiff in the theft of prescription drugs; unequal compensation; and the refusal to transfer Plaintiff from a floating to a permanent position.  It is not significant that Plaintiff relies on two different statutory provisions because the essence of the cause of action remains the same; both claims rest on a single series of allegedly discriminatory incidents and the language of both claims is virtually identical.  Furthermore, Plaintiff is likely to call the same witnesses and proffer the same documentary evidence at trial for both claims.  Therefore, the Court is persuaded that Plaintiff has articulated only one cause of action even if she is relying on different theories of recovery, one of which was procedurally unavailable.  See generally McGovern v. City of Philadelphia, 554 F.3d 114, 121 (3d Cir. 2009) ("[T]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.").  Accordingly, since Plaintiff's section 1983 claim in

Fatiregun II arises out of the same transaction or occurrence that gave rise to her section 1981 claim in Fatiregun I, Plaintiff is precluded from raising her section 1983 claim in the instant suit.

In reaching this conclusion, the Court gives due consideration to the policy goals underlying the res judicata doctrine, which include avoiding excessive and duplicative costs and efforts of litigation, averting potential inconsistency in decisions, and conserving judicial resources.  See, e.g., Marshall v. Park Plaza Condo. Ass'n, No. 98-2912, 1999 U.S. Dist. LEXIS 13666, at *9 (E.D. Pa. Sept. 3, 1999).  After Defendant filed its Motion to Dismiss on August 19, 2008, Plaintiff had ample opportunity to amend her complaint and bring a section 1983 claim. During the almost two-month period after that Motion to Dismiss was filed and served, Plaintiff did not utter a single word in opposition or with respect to any difficulty meeting the deadline for filing a response.  It was not until 19 days after the Court's entry of final judgment that Plaintiff responded at all by filing a Motion to Vacate.  In that Motion to Vacate, Plaintiff argued that the Court should not have dismissed Fatiregun I with prejudice, but instead should have allowed her to amend her complaint to bring a section 1983 claim.  (Pl.'s Mem. Supp. Mot. to Vacate 2.) That argument is not convincing because it assumes, unfairly to Defendant, that Plaintiff is excused for failing to comply with the deadlines set under the federal rules because of counsel's "inadvertence."  Plaintiff did not adequately explain why she failed to amend her complaint when she had the opportunity to do so—during the ample stretch of time prior to the Court's entry of a judgment of dismissal.

Moreover, if Plaintiff was not satisfied with the Court's dismissal of Fatiregun I, then she could have availed herself of the opportunity to appeal the Court's order granting the City's Motion to Dismiss and the Court's denial of Plaintiff's Motion to Vacate.  Plaintiff chose not to take advantage of any of the opportunities liberally provided within the federal judicial system to

8

correct the error in her initial filing.  After giving Plaintiff such broad latitude to plead all possible claims against Defendant, a further expansion of that latitude by allowing Plaintiff to bring her section 1983 claim would contravene the policy goals underlying the res judicata doctrine.

### III.    Title VII Claims

Res judicata does not bar claims that could not have been joined in the prior action.  While a "judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case."  Allegheny Int'l v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1430 (3d Cir. 1994) (quoting Lawlor, 349 U.S. at 328); Alexander & Alexander, Inc. v. Van Impe, 787 F.2d 163, 166 (3d Cir. 1986) (citation omitted) (Res judicata "applies...only to claims arising prior to the entry of judgment.  It does not bar claims arising subsequent to the entry of judgment and which did not then exist or could not have been sued upon in the prior action.").  Therefore, a continuing series of wrongful conduct occurring after the entry of judgment in Fatiregun I is not within the scope of claim preclusion.  It would defy logic and fairness to preclude a future claim based on such conduct.

Plaintiff raised Title VII claims of discrimination and retaliation with respect to the terms and conditions of her employment.  Specifically, Plaintiff alleges that "[s]ubsequent to the filing of Fatiregun I, the City has continued to discriminate and retaliate against Plaintiff and subject her to a hostile work environment."  (Pl.'s Compl. ¶ 9(f).)  If the events giving rise to those Title VII claims occurred after the dismissal of Fatiregun I, then Plaintiff is not precluded from raising those claims in the instant suit.  However, if those claims are grounded in events that occurred before Fatiregun I was dismissed, and Plaintiff could have asserted those claims before the entry

of judgment, then Plaintiff may not bring those claims now.

Plaintiff's Title VII discrimination claim is based, at least in part, on events occurring at the time she filed Fatiregun I. Those events likely formed the nucleus of operative facts upon which Plaintiff relied in filing a Title VII charge of discrimination with the Equal Employment Opportunity Commission ("EEOC" or "Commission"). Plaintiff avers that she was "unable to assert any Title VII claim at the time the Court denied Plaintiff's Motion to Vacate the October 9, 2008 Dismissal because the EEOC had not yet issued the Notice of Right to Sue Plaintiff." (Pl.'s Resp. to Def.'s Mot. for Recons. 3.) That statutory notice must be received by a party who timely files an administrative charge with the EEOC before that party can initiate a Title VII discrimination claim in federal court. See, e.g., Tice v. Bristol-Myers Squibb Co., 325 F. App'x 114, 118 (3d Cir. 2009). Since Plaintiff did not receive such notice from the Commission prior to the dismissal of Fatiregun I, Plaintiff is not precluded from asserting her Title VII discrimination claim in the instant suit.

By contrast, there is some ambiguity concerning the preclusive effect of the prior dismissal on Plaintiff's Title VII retaliation claim because it is not clear whether the events giving rise to that claim occurred before or after the dismissal. Plaintiff's assertion that the retaliation took place "[s]ubsequent to the filing of Fatiregun I" is vague as it suggests that the wrongful conduct giving rise to Plaintiff's retaliation claim could have occurred any time after Plaintiff filed her initial complaint, whether before or after Fatiregun I was dismissed. If that claim is based on events occurring before Fatiregun I was dismissed, then Plaintiff should have attempted to raise the claim at that time. If, however, it is based on a separate series of events occurring after the dismissal of the prior action, then Plaintiff may bring the claim, provided that the additional allegations are fairly within the scope of the prior EEOC discrimination charge.

Compare Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (current claim did not fall within scope of prior EEOC complaint) with Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984) (current claim fell within scope of prior EEOC complaint).  Without further clarification as to the timing of the alleged retaliatory acts, the Court is unable to determine whether Plaintiff is barred from bringing her Title VII retaliation claim.  Therefore, the Court grants Plaintiff leave to amend her Complaint to clarify the circumstances giving rise to her Title VII retaliation claim.

**IV.     Section 1981a Claim**

Section 1981a does not, either expressly or impliedly, create an independent cause of action for employment discrimination plaintiffs.  See, e.g., McCormack v. Bennigan's, No. 93-1603, 1993 U.S. Dist. LEXIS 10424, at *7 (E.D. Pa. July 29, 1993).  It merely sets forth additional remedies that may be available to such plaintiffs under Title VII.  Id.  Plaintiff does not argue that section 1981a constitutes a separate legal basis for a claim of employment discrimination.  Rather, she argues that section 1981a sets forth the remedies available to Plaintiff under Title VII.  (Pl.'s Resp. to Def.'s Mot. for Recons. 4.)  This is entirely consistent with the principle that section 1981a cannot stand on its own, but expands upon relief available under Title VII.  Therefore, Plaintiff cannot plead a cause of action under section 1981a separate and distinct from her cause of action under Title VII.  However, if Plaintiff prevails under her Title VII claims, then she will be able to claim the remedies provided by section 1981a.  Accordingly, to the extent that Plaintiff claims a separate and independent cause of action under section 1981a, then such a claim is dismissed, with the understanding that it will be subsumed under Plaintiff's Title VII claims.

**CONCLUSION**

For the foregoing reasons, the Court concludes that Plaintiff's claim under Philadelphia

Code section 9-1104 and Plaintiff's section 1983 claim for conduct in violation of section 1981 are barred by res judicata, and therefore dismissed.  However, Plaintiff's Title VII discrimination claim is not barred by res judicata, and therefore remains.  Further, to the extent that Plaintiff raises an independent section 1981a claim, then such a claim is dismissed, with the understanding that any right to relief available under that section will be asserted in connection with Plaintiff's Title VII claims.  In addition, the Court grants Plaintiff leave to amend her Complaint to clarify the events described in paragraph 9(f) that gave rise to her Title VII retaliation claim.  All other provisions of the Court's May 30, 2009 Order shall remain in effect.  A separate order will be entered in accordance with this Memorandum Opinion.